**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **ROBERT L. SULLEN,** | ) | **CASE NO. 1:17 CV 1499** |
| | ) | |
| Plaintiff, | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| **JAY BRAY, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

On July 17, 2017, *Pro Se* Plaintiff Robert L. Sullen filed this action challenging the state court foreclosure of his property against everyone directly or indirectly connected to the state court case: the holder of the note/assignee of the mortgage and its CEO (Nationstar Mortgage LLC ("Nationstar") and Jay Bray), the lawyers and law firm representing Nationstar in the state foreclosure case (Scott Casterline and Bradley Toman of Casterline, McNeill, Rini, Kramer & Ulrich Co. LPA), the purchaser of Sullen's home (Dennis Matson), Medina County Sheriff Tom Miller, Ken Detner of Mortgage Electronic Registration Systems, the U.S. Comptroller of Currency John C. Dugan, and SEC Commissioners Michael S. Piwowar and Kara M. Stein. Sullen alleges a scattershot of claims against "Defendants," "each Defendant," or "the applicable Defendants:" violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, the Real Estate Settlement Procedures Act ("RESPA") 12 U.S.C. § 2601, the National Housing Act, 12 U.S.C. § 1710, the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, and the Ohio Consumer Sales Practices Act ("OCSPA"), O.R.C. Chapter 1345, along with a host of common-law claims (negligence, breach of contract, unjust enrichment, fraud/misrepresentation, intentional infliction of emotional distress and civil conspiracy).

In this federal complaint, Sullen challenges Nationstar's standing to bring the foreclosure proceeding against him in state court and asks this Court to enjoin the sale of his property (which was sold before he filed this case); he contests the validity of the assignment of his mortgage to Nationstar; he asks the Court to vacate and reverse the state court rulings resulting in the transfer of his interest in the property; he asks the Court to declare that he is the rightful holder of title to the property; and he seeks damages from "each applicable Defendant," no matter how remotely they may have been associated with the state foreclosure case.

Sheriff Tom Miller has filed a Rule 12(c) Motion for Judgment on the Pleadings, and Jay Bray and Nationstar have filed a Motion to Dismiss under Rules 12(b)(6) and 12(b)(1). (Respectively, **Doc ##: 9, 13**.) The Moving Defendants both contend, among other things, that this case is barred by *res judicata* and the Rooker-Feldman doctrine.[1] The time for responding to these two motions has passed, and Sullen has not filed anything.

## I.   FACTS

On December 14, 2006, Plaintiff Robert L. Sullen executed a Note in the original amount of $134,400.00 with Lehman Brothers Bank, FSB, a Federal Savings Bank. (Ex. 7-1 at 4-8.) The Note is endorsed in blank. (Id.) That same day, Sullen executed a Mortgage granting Mortgage Electronic Registration Systems, Inc., as mortgagee and nominee for Lehman Brothers Bank, FSB, its successors and assigns, a security interest in the property located at 1717 Station Rd., Valley City, OH 44280 ("the Property"). (Id. at 9-31.)

---

[1] Defendant Attorneys Toman and Carlisle and the Carlisle law firm have also filed a motion to dismiss (Doc #: 19), but the time for responding to the motion has not yet passed (see Doc #: 24). These Defendants also contend that the Rooker-Feldman doctrine and *res judicata* bar this federal case.

### A. The State Foreclosure Case

On May 26, 2016, Nationstar, the holder of the Note and assignee of the Mortgage, filed a foreclosure action against Robert and Donna Sullen in the Medina County, Ohio Court of Common Pleas. *Nationstar Mortg. LLC v. Sullen*, Medina Cnty. Ct. Com. Pl. No. 16CIV0523. The complaint noted that the Sullens had filed a Chapter 7 Bankruptcy case in the U.S. Bankruptcy Court for the Northern District of Ohio and were granted a discharge in that case in September 2010. Based on that discharge, Nationstar stated that it did not seek a personal money judgment against the Sullens on the Note, but a first lien on the Property. *Id*. Sullen filed an answer on August 11, 2016. The state court referred the case to the Mediation Department, but the Court Mediator's effort to mediate a resolution of the case proved unsuccessful. On November 22, 2016, Nationstar filed a Motion for Summary Judgment backed by evidence contending that it had demonstrated a *prima facie* case for judgment on its Note and foreclosure of its Mortgage. The state court set a deadline for Sullen to file his response on December 23, 2017. On December 28, 2016, after Sullen failed to respond to the Motion in a timely manner, the court granted the motion as unopposed. The court concluded that Nationstar was entitled to foreclose on the Property as a matter of law and, pending a three-day waiting period, directed the Medina County Sheriff to proceed without delay to appraise, advertise and sell the Property. The Property was sold on March 16, 2017.

One month later, on April 17, 2017, Sullen filed a Motion to Set Aside and Vacate Judgment Entry Dated 12/28/2016 and Set Aside Sheriff Sale, contending that Nationstar lacked standing to sue him and arguing that the judgment was void because genuine issues of material fact existed as to whether, among other things, Nationstar violated the RESPA, the FDCPA, the

-3-

OCSPA, and the National Housing Act. Nationstar opposed the motion on May 2, 2017 and, one week later, the court issued an opinion denying Sullen's motion. In doing so, the court characterized the motion as a motion for relief from judgment under Ohio Civ. R. 60(B) and articulated the applicable standard:

> Generally, in order to prevail on a motion for relief from judgment brought pursuant to Civ. R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time. GTE Automatic Electric v. Arc Industries (1976), 47 Ohio St.2d 146, 351 N.E.2d 113, paragraph two of the syllabus.

*Nationstar Mortg. LLC*, Medina Cnty. Ct. Com. Pl. No. 16CIV0523, J. Entry-Denying Motion to Vacate etc., filed 09/May/2017, at 1. The court concluded that Sullen had failed to present any evidence showing that he had a meritorious defense to the foreclosure action; he had not presented any evidence that he was entitled to relief under one of the grounds stated in Rule 60(B)(1) through (5) (i.e., mistake, inadvertence, surprise, excusable neglect, fraud, misrepresentation, misconduct, or newly discovered evidence); and he did not file his motion within a reasonable time–observing that Sullen failed to explain why he waited 110 days after judgment was entered and one month after the sheriff's sale took place to file his Rule 60(B) motion. *Id*. at 1-3.

Sullen did not appeal the state court's ruling.

### B. The Current Action

Rather, on June 29, 2017, Sullen filed the within Complaint and Order for Injunction alleging claims challenging the state court foreclosure judgment against twelve Defendants, most of whom were tangentially involved in the state court foreclosure action. Among the Defendants

are Nationstar Mortgage LLC, the state foreclosure plaintiff, and Medina County Sheriff Tom Miller, under whose auspices the sheriff's sale took place. The Moving Defendants contend that *res judicata* and the Rooker-Feldman doctrine bar this case.

The Moving Defendants served a copy of their motions on Sullen at his forwarding address on September 7, 2017 (Doc ##: 17, 23), making the deadline for filing a response memorandum October 10, 2017. It is now October 20, 2017 and Sullen has neither filed a response memorandum nor requested an extension of time to do so.

That said, the Court has reviewed the pending motions and attachments thereto, the record in this case, and the public record, including judicial opinions from the state foreclosure proceeding of which the Court takes judicial notice,[2] and is prepared to issue a ruling.

## II.   STANDARD OF REVIEW

In reviewing the Complaint, the Court holds *pro se* pleadings to a less stringent standard and therefore construes the complaint more liberally. Nonetheless, even *pro se* litigants must adhere to the procedural requirements of the Federal Rules of Civil Procedure and the Local Rules for the Northern District of Ohio, including the time requirements set forth therein.

Federal Rule of Civil Procedure 12(c) provides, "After the pleadings are closed–but early enough not to delay trial–a party may move for judgment on the pleadings." The standard of review for a motion for judgment on the pleadings under Rule 12(c) is the same standard that is used to address a motion to dismiss under Rule 12(b)(6). *Lindsay v. Yates*, 498 F.3d 434, 438 (6th Cir. 2007).

---

[2]*See Geiling v. Wirt Fin. Servs., Inc.*, No. 14-11027, 2014 WL 8473822, at *6 (citing *New England Health Care Employees Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6th Cir. 2003) and *Bowers v. Wynne*, 615 F.3d 455, 470 (6th Cir. 2010)).

In reviewing a Rule 12(b)(6) motion to dismiss for failure to state a claim, a district court must accept as true all well-pleaded allegations and draw all reasonable inferences in favor of the non-moving party. *Shoup v. Doyle*, 974 F. Supp. 2d 1058, 1071 (S.D. Ohio 2013); *Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 538 (6th Cir. 2012). A court need not, however, credit bald assertions, legal conclusions, or unwarranted inferences. *Kavanagh v. Zwilling*, 578 F. App'x 24, 24 (2d Cir. 2014) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To survive a motion to dismiss, a complaint must include "enough facts to state a claim to relief that is plausible on its face," and not merely "conceivable." *Twombly*, 550 U.S. at 570. The factual allegations must be sufficient "to raise a right to relief above the speculative level." *Id*. at 555. Although Rule 12(b)(6) does not impose a probability requirement at the pleading stage, a plaintiff must present enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary elements of a cause of action. *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quotation marks omitted). Simply reciting the elements of a cause of action does not suffice. *Iqbal*, 556 U.S. at 678.

Federal Rule of Civil Procedure 12(d) provides that if on a motion pursuant to Rule 12(b)(6) or Rule 12(c) matters outside the pleadings are considered, the motion must be treated as one for summary judgment under Rule 56. Federal courts may, however, consider materials that are public records, including judicial opinions, that are appropriate for taking judicial notice without converting the motions into motions for summary judgment. *Whittiker v. Deutsche Bank Nat. Trust Co.*, 605 F. Supp. 2d 914, 925 (N.D. Ohio 2009) (citing *Barany-Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008) (public records may be taken into account when considering a Rule 12(c) motion for judgment on the pleadings).

### III. ANALYSIS

#### A. Res Judicata

Sullen cannot file a new case in federal court to litigate matters that were already addressed in the state foreclosure action or could have been raised and addressed in that action. *Chhay v. Wells Fargo Home Mortg. Corp., NA*, No. 1:15 CV 1081, 2015 WL 3953046, at *4 (N.D. Ohio Jun. 29, 2015); *Hall v. Mortg. Elec. Regis'n Sys., Inc.*, No. 1:16 CV 2017, 2017 WL 1462240, at *5 (N.D. Ohio Mar. 1, 2017); *Daina v. Carrington Mortgage Servs., LLC*, No. 1:17 CV 496, 2017 WL 2832626, at *2 (N.D. Ohio Jun. 30, 2017). Federal courts must give the same preclusive effect to a state court judgment as the state court would give that judgment. 28 U.S.C. § 1738; *Abbot v. Michigan*, 474 F.3d 324, 330 (6th Cir. 2007); *Young v. Twp. of Green Oak*, 471 F.3d 674, 680 (6th Cir. 2006). To determine the preclusive effect that the state foreclosure judgment has on the pending federal action, the Court must apply the law of preclusion in Ohio. *See Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984).

In Ohio, the doctrine of *res judicata* encompasses the two related concepts of claim preclusion and issue preclusion. *State ex rel. Davis v. Pub. Emp. Ret. Bd*, 120 Ohio St. 3d 386, 392 (2008). Under the Ohio doctrine of claim preclusion, "a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.*, 73 Ohio St. 3d 379, 382 (1995). It encompasses "all claims which were or might have been litigated" in the first case." *Id*. By contrast, issue preclusion, or collateral estoppel, precludes the relitigation of an issue that has been actually and necessarily litigated and determined in a prior action." *MetroHealth Med. Ctr. v. Hoffman-LaRoche, Inc*., 80 Ohio St. 3d 212, 217 (1997).

This federal complaint is replete with claims that were, or should have been raised, in the state foreclosure case. Thus, *res judicata* bars them, and the Court must give full faith and credit to that judgment. *Chhay*, 2015 WL 3953046, at *4; *Hall*, 2017 WL 1462240, at *5; *Daina*, 2017 WL 2832626, at *2.

### B. Rooker-Feldman Doctrine

Under the Rooker-Feldman doctrine, a federal court is barred from considering the type of claims Sullen has filed in this case. This court cannot sit as a court of appeals to review state court rulings. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). The Rooker-Feldman doctrine "stands for the proposition that a federal district court may not hear an appeal of a case already litigated in state court. *United States v. Owen*, 54 F.3d 271, 274 (6th Cir. 1995). Even a party raising a federal question must appeal a state court decision through the state system and then, if necessary, appeal directly to the U.S. Supreme Court. *Id*. The doctrine applies where, as here, a case is brought by a party who has lost in state court and complains of injuries caused by the state court judgment. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (holding that a federal district court cannot be asked to review and reject the judgment of a state court).

To determine whether Rooker-Feldman bars a claim, the Court must look to the "source of the injury the Plaintiff alleges in the federal Complaint." *McCormick v. Braverman*, 451 F.3d 382, 383 (6th Cir. 2006); *Lawrence v. Welch*, 531 F.3d 364, 368 (6th Cir. 2008). If the source of the plaintiff's injury is the state court judgment itself, then the Rooker-Feldman doctrine prevents the district court from asserting jurisdiction. *Id*. If there is some other source of the injury, then the plaintiff has asserted an independent claim. *Id*. In conducting this inquiry, the

Court should consider the plaintiff's requested relief. *Evans v. Cordray*, No. 09-3998, 2011 WL 2149547, at *1 (6th Cir. May 27, 2011).

Here, Sullen challenges Nationstar's standing to bring the foreclosure action; he asks the Court to vacate and reverse any state court orders or rulings with which he disagrees; he asks the Court to rescind the transfer of his interest in the Property and to declare the Mortgage, Note and assignment void; he belatedly asks the Court to enjoin the sale of the Property and to declare that he is the rightful owner of the Property. Because the source of Sullen's injury are the state court rulings and judgment, the Court finds that the Rooker-Feldman doctrine bars litigation of this case. *Hall*, 2017 WL 1462240, at *5 (noting that the Rooker-Feldman doctrine has been broadly applied to cases challenging state court foreclosure judgments).

**IV. CONCLUSION**

Because the doctrines of Rooker-Feldman and *res judicata* clearly bar the claims against the Moving Defendants, the Court **GRANTS** the Motion of Defendant Sheriff Tom Miller for Judgment on the Pleadings (**Doc #: 9**), and Defendants Jay Bray and Nationstar Mortgage, LLC's Fed. R. Civ. P. 12(B)(1) and 12(B)(6) Motion to Dismiss (**Doc #: 13**). In addition, the Court construes Sullen's failure to file a timely response to these motions as his concession to their arguments and the dismissal of his claims against them.

And, although the remaining Defendants either have not filed a motion to dismiss, or have filed a motion to dismiss that is not yet ripe, the Court finds that the same rationale and case law supporting dismissal of the claims against the Moving Defendants applies to the claims

//

//

Sullen has asserted against the remaining Defendants as well.  Therefore, all claims are dismissed with prejudice.

**IT IS SO ORDERED.**

           <u>*/s/ Dan A. Polster     October 23, 2017*</u>
           **Dan Aaron Polster**
           **United States District Judge**